UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBY ALAN BEASLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>LAKE COUNTY SHERIFF'S OFFICE, et al.,<br><br>  Defendants. | Case No.  12-1640 WHO (PR)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a pro se state prisoner.  For the reasons stated herein, defendants' motions to dismiss the first amended complaint are GRANTED.  **The Court dismisses the amended complaint with leave to file a second amended complaint on or before November 15, 2013.**

## DISCUSSION

**A.    Standard of Review**

Dismissal is proper where the complaint fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to

1 provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
2 conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .
3 Factual allegations must be enough to raise a right to relief above the speculative level."
4 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A
5 motion to dismiss should be granted if the complaint does not proffer "enough facts to state
6 a claim to relief that is plausible on its face." *Id.* at 570.

**B.    Legal Claims**

Plaintiff alleges that (1) Lake County Sheriff's Deputies Thomas, Holland, Hockett, and Gibson violated his Fourth Amendment rights by forcibly taking a blood sample without probable cause, and (2) the bail amount set by the Lake County Superior Court was excessive. Neither states a claim for relief.

Claim 1 is DISMISSED with leave to amend for two reasons. First, plaintiff has not shown either that the criminal charges related to this blood draw did not result in a conviction, or that any resulting conviction has been overturned. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* Second, plaintiff has not provided some significant information, including the date on which this event alleged occurred, how much force was used to restrain him, and which defendants performed which exact action (who restrained him, what method of restraint, for what time period, etc.).

Claim 2 regarding the allegedly excessive bail amount is unrelated to the first claim and is therefore DISMISSED without prejudice and without leave to amend. Plaintiff may pursue this claim in a separate action, but he may find any action barred. The issue of his

1  bail is likely moot now that he is in custody at San Quentin State Prison rather than in Lake
2  County. If he chooses to pursue the claim and it is not moot, he should specify why the
3  bail was excessive in light of the purpose for which it was set.

4  Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file
5  an amended complaint on or before November 15, 2013. The first amended complaint
6  must include the caption and civil case number used in this order (12-1640 WHO (PR))
7  and the words SECOND AMENDED COMPLAINT on the first page. Because an
8  amended complaint completely replaces the previous complaints, plaintiff must include in
9  his amended complaint all the claims he wishes to present and all of the defendants he
10 wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims
11 not raised in the amended complaint will be deemed waived. Plaintiff may not incorporate
12 material from the prior complaint by reference. Failure to file an amended complaint in
13 accordance with this order will result in dismissal of this action without further notice to
14 plaintiff.

15 It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
16 informed of any change of address by filing a separate paper with the clerk headed "Notice
17 of Change of Address." He must comply with the Court's orders in a timely fashion or ask
18 for an extension of time to do so. Failure to comply may result in the dismissal of this
19 action pursuant to Federal Rule of Civil Procedure 41(b).

20 The Clerk shall terminate Docket Nos. 22 and 25.

21 **IT IS SO ORDERED.**

22 **Dated:** October 7, 2013

WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROBBY ALAN BEASLEY,

        Plaintiff,

  v.

LAKE COUNTY SHERIFFS OFFICE et al,

        Defendant.

Case Number: CV12-01640 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Robby Alan Beasley AN2420
San Quentin State Prison
San Quentin, CA 94974

Dated: October 7, 2013

Richard W. Wieking, Clerk
   By: Jean Davis, Deputy Clerk