United States District Court
Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| ROBBY ALAN BEASLEY,<br><br>            Plaintiff,<br><br>     v.<br><br>LAKE COUNTY SHERIFF'S OFFICE,<br>et al.,<br><br>          Defendants. | Case No.  12-1640 WHO (PR)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND** |

18

## INTRODUCTION

19
20      This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a pro se

21 state prisoner.  For the reasons stated herein, defendants' motions to dismiss the first

22 amended complaint are GRANTED.  **The Court dismisses the amended complaint with**

23 **leave to file a second amended complaint on or before November 15, 2013.**

## DISCUSSION

24 **A.      Standard of Review**

25      Dismissal is proper where the complaint fails to "state a claim upon which relief can

26 be granted."  Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6)

27 motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to

28

provide the 'grounds' of his 'entitle[ment]' to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Factual allegations must be enough to raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  A

motion to dismiss should be granted if the complaint does not proffer "enough facts to state

a claim to relief that is plausible on its face."  *Id.* at 570.

**B.**    **Legal Claims**

Plaintiff alleges that (1) Lake County Sheriff's Deputies Thomas, Holland, Hockett,

and Gibson violated his Fourth Amendment rights by forcibly taking a blood sample

without probable cause, and (2) the bail amount set by the Lake County Superior Court

was excessive.  Neither states a claim for relief.

Claim 1 is DISMISSED with leave to amend for two reasons.  First, plaintiff has

not shown either that the criminal charges related to this blood draw did not result in a

conviction, or that any resulting conviction has been overturned.  "[I]n order to recover

damages for allegedly unconstitutional conviction or imprisonment, or for other harm

caused by actions whose unlawfulness would render a conviction or sentence invalid, a

§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to

make such determination, or called into question by a federal court's issuance of a writ of

habeas corpus, 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  "A

claim for damages bearing that relationship to a conviction or sentence that has not been so

invalidated is not cognizable under § 1983."  *Id.*  Second, plaintiff has not provided some

significant information, including the date on which this event alleged occurred, how much

force was used to restrain him, and which defendants performed which exact action (who

restrained him, what method of restraint, for what time period, etc.).

Claim 2 regarding the allegedly excessive bail amount is unrelated to the first claim

and is therefore DISMISSED without prejudice and without leave to amend.  Plaintiff may

pursue this claim in a separate action, but he may find any action barred.  The issue of his

United States District Court
Northern District of California

2

1    bail is likely moot now that he is in custody at San Quentin State Prison rather than in Lake

2    County.  If he chooses to pursue the claim and it is not moot, he should specify why the

3    bail was excessive in light of the purpose for which it was set.

4         Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff shall file

5    an amended complaint on or before November 15, 2013.  The first amended complaint

6    must include the caption and civil case number used in this order (12-1640 WHO (PR))

7    and the words SECOND AMENDED COMPLAINT on the first page.  Because an

8    amended complaint completely replaces the previous complaints, plaintiff must include in

9    his amended complaint all the claims he wishes to present and all of the defendants he

10   wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Any claims

11   not raised in the amended complaint will be deemed waived.  Plaintiff may not incorporate

12   material from the prior complaint by reference.  Failure to file an amended complaint in

13   accordance with this order will result in dismissal of this action without further notice to

14   plaintiff.

15        It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

16   informed of any change of address by filing a separate paper with the clerk headed "Notice

17   of Change of Address."  He must comply with the Court's orders in a timely fashion or ask

18   for an extension of time to do so.  Failure to comply may result in the dismissal of this

19   action pursuant to Federal Rule of Civil Procedure 41(b).

20        The Clerk shall terminate Docket Nos. 22 and 25.

21        **IT IS SO ORDERED.**

22   **Dated:**  October 7, 2013

23                                                        _____

24                                                        WILLIAM H. ORRICK
                                                         United States District Judge

25

26

27

28

United States District Court
Northern District of California

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ROBBY ALAN BEASLEY,

              Plaintiff,

  v.

LAKE COUNTY SHERIFFS OFFICE et al,

              Defendant.

_____/

Case Number: CV12-01640 WHO

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.


Robby Alan Beasley AN2420
San Quentin State Prison
San Quentin, CA 94974


Dated: October 7, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk