UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBBY ALAN BEASLEY,

    Plaintiff,

v.

LYLE THOMAS, et al.,

    Defendants.

Case No. 12-cv-01640-WHO (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a pro se state prisoner. Plaintiff Robby Beasley has filed a second amended complaint, which defendants move to dismiss without leave to amend. Dkt No. 33. For the reasons stated herein, defendants' motion to dismiss is GRANTED in part and DENIED in part. Beasley's claim that defendants used excessive force when they took a blood sample from him is DISMISSED with leave to amend. His other two claims, that defendants were not authorized to take the blood sample and that his bail was excessive, are DISMISSED without leave to amend.

## BACKGROUND

Beasley's claims arise from a blood draw performed on him by the Lake County Sheriff's Department pursuant to a warrant. In his first amended complaint, Beasley raised claims that (1) sheriff's deputies violated constitutional rights by taking a blood sample without probable cause and with the use of excessive force, and (2) the bail amount set by the Lake County Superior Court was excessive. The complaint was dismissed with leave to amend. Dkt. No. 29. Claim 1 was insufficiently detailed, lacking such important allegations as when the incident occurred, how much force was used to restrain him, and which defendants performed which action. It also failed to allege that Beasley's criminal

conviction on which the blood sample was based was no longer valid.  Claim 2 was dismissed <u>without</u> leave to amend on grounds that it was likely moot because he was no longer in custody in Lake County.

In response to the Court's order, Beasley filed a second amended complaint.  He realleged all claims and added new factual allegations to support them.  Defendants move again to dismiss the second amended complaint on grounds that it fails to state claims for relief.

## DISCUSSION

### A.    Standard of Review

Dismissal is proper where the complaint fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.

### B.    Legal Claims

Plaintiff alleges that (1) Lake County Sheriff's Deputies Thomas, Hockett, Pfann, Holland, Porter, Gibson, Cruther, Richy, and hospital lab technician Burkdoll violated his Fourth Amendment rights by forcibly taking a blood sample without a valid warrant; (2) these same defendants used excessive force in taking that sample; and (3) the bail amount set by the Lake County Superior Court was excessive.

Claim 1 is DISMISSED without leave to amend.  It is undisputed that the blood draw was conducted pursuant to a warrant that specifically allowed such a search and seizure.  (Second Am. Compl., Ex. C.)  Beasley challenges the warrant's validity on three grounds: the warrant was not supported by probable cause; it failed to specify the method

1   by which the blood would be drawn; and it had expired.  None of these arguments has
2   merit.
3         A search conducted in good faith reliance on a facially valid warrant is
4   constitutional as long as the officer's reliance on the magistrate judge's determination that
5   probable cause existed was objectively reasonable, the magistrate judge did not wholly
6   abandon his judicial role, and the officers did not act in bad faith by misleading the
7   magistrate judge.  *United States v. Huggins*, 299 F.3d 1039, 1043-44 (9th Cir. 2002)
8   (citations omitted).  Beasley's allegation that the facially valid warrant lacked probable
9   cause is conclusory and lacks <u>any</u> supporting details.  His factual allegations fail satisfy the
10  *Twombly* pleading standard, let alone meet the requirements set forth in *Huggins*.
11        Beasley's argument that the warrant failed to specify the method of blood extraction
12  fails to state a claim for relief.  The Constitution does not require that a warrant specify the
13  method by which a blood sample is to be taken.  It requires only that the method of
14  extraction is reasonable.  The U.S. Supreme Court has held that the taking of blood by a
15  medical laboratory technician in a hospital — which is what Beasley alleges happened
16  here — is reasonable.  *Schmerber v. California*, 384 U.S. 757, 771-72 (1966).
17        Beasley's assertion that the warrant had expired is not supported by law or fact.
18  Under California law, a search warrant executed within 10 days of issuance "shall be
19  deemed timely executed and no further showing of timeliness need be made."  Cal. Penal
20  Code § 1534(a).  It is undisputed that the warrant was signed and issued on March 7, 2010
21  and executed within 10 days, that is, on March 9, 2010.  The warrant had not expired.
22        In Claim 2, Beasley alleges that defendants used excessive force in taking the blood
23  sample.  He alleges that defendants

> all participated to help and further the excessive force and search and
> seizure[,] [f]orcing me down and [f]orcing a needle into my arm to obtain
> blood.  The above officer[]s made [n]o brief attempt to persuade me . . .
> The officer[]s vic[i]ously premeditated to exacerbate[] the situation . . . All
> of the persons above participated in some way to further the excessive force
> by one or more of the following[:]  [f]orcing me into a room, [f]orcing me
> onto a hospital bed, [f]orcing me down onto the bed, [f]orcing my wrist to

3

"pop[,]" which resulted in x-rays[,] and [f]orcing a needle into my arm to force blood out of me, causing pain and mental anguish.

(Second Am. Compl. at 4.)

These allegations, while significantly more detailed than the ones in the First Amended Complaint, still fail to state a claim for relief for reasons the Court addressed in its previous Order. Beasley still fails to allege which defendant performed what act. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

Beasley's undetailed allegations fail to meet the specificity requirements of *Leer*. He must specify which defendant took what action(s). Beasley accuses eight sheriff's deputies and one lab technician of restraining him by using excessive force. Did all nine hold him down? Did all nine force him onto a bed? Did two? If only two, what exactly were the others doing? An example of the more detailed pleading required here is "Defendant X held down my right arm as Defendant Y grabbed my left wrist while Defendant Z just stood there and did nothing."

In sum, in order to evaluate both causation and liability, which I must do to determine whether Beasley has stated a claim for relief, Beasley must follow the instructions of *Leer*. He must focus on the duties and responsibility of each individual defendant whose acts or omissions he alleges caused the constitutional deprivation. I am allowing leave to amend this claim once more, but this is Beasley's final opportunity to correct this and other deficiencies in the complaint.

In a prior order, I dismissed Claim 3 without leave to amend. I construe his current complaint as containing a motion for leave to refile Claim 3. However, Beasley provides

4

1 no reason for reviving this claim in this action.  Accordingly, his motion for leave to refile

2 Claim 3 is DENIED.

### CONCLUSION

Defendants' motion to dismiss (Docket No. 33) is GRANTED in part and DENIED in part.  Claims 1 and 3 are DISMISSED without leave to amend.  Claim 2 is DISMISSED with leave to amend.  **Beasley shall file the amended complaint on or before October 1, 2014.**  This amended complaint must include the caption and civil case number used in this order (12-1640 WHO (PR)) and the words THIRD AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, Beasley must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to Beasley.

It is Beasley's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall terminate Docket No. 33.

**IT IS SO ORDERED.**

**Dated:**  August 18, 2014

WILLIAM H. ORRICK
United States District Judge